# EXHIBIT 2

ALI SAREH

v.

FARMERS INSURANCE EXCHANGE, d/b/a FARMERS AND DOES I through X, and ROE CORPORATIONS I through X inclusive,

Case No.

DEFENDANTS' EXHIBITS TO DEFENDANT FARMERS INSURANCE EXCHANGE'S PETITION FOR REMOVAL

# EXHIBIT 2

COMPLAINT FILED BY PLAINTIFF IN CLARK COUNTY, NEVADA, EIGHTH JUDICIAL DISTRICT COURT, CASE NUMBER A-17-759300-C

RECEIVED
AUG 07 2017
DIVISION OF INSURANCE
STATE OF NEVADA

Electronically Filed
8/1/2017 5:39 PM
Steven D. Grierson
CLERK OF THE COURT

Doren E. Hohl
AUG 11 2017
SERVICE OF PROCESS

GEOFFREY W. HAWKINS, ESQ.
Nevada Bar No. 7740
CHRISTOPHER A. ECCLES, ESQ.
Nevada Bar No. 9798
HAWKINS MELENDREZ, P.C.
9555 Hillwood Drive, Suite 150
Las Vegas, Nevada 89134
Phone: (702) 318-8800
Fax:    (702) 318-8801
ghawkins@hawkinsmelendrez.com
ceccles@hawkinsmelendrez.com
*Attorneys for Plaintiff*

## DISTRICT COURT

## CLARK COUNTY, NEVADA

ALI SAREH, an individual,

Plaintiff

v.

FARMERS INSURANCE EXCHANGE d/b/a FARMERS; and DOES I-X, inclusive; and, ROE CORPORATIONS I-X, inclusive,

Defendants.

CASE NO.: A-17-759300-C

DEPT. NO. Department 18

**COMPLAINT**

COMES NOW, Plaintiff, ALI SAREH ("Plaintiff"), by and through his counsel of record, Geoffrey W. Hawkins, Esq. and Christopher A. Eccles, Esq. of the law firm HAWKINS MELENDREZ, P.C. and hereby complains and alleges as follows:

### PARTIES AND JURISDICTION

1.  At all times relevant hereto, Plaintiff ALI SAREH, is and was a resident of Clark County, Nevada.

2. At all times relevant hereto, Defendant FARMERS INSURANCE EXCHANGE d/b/a FARMERS ("FARMERS" and or "Defendant") was an "insurer" as defined by NRS 679A.100, licensed to conduct business and doing business in Clark County, Nevada.

3. At all times relevant hereto, Defendant FARMERS was the uninsured/underinsured motorist insurance carrier ("UM/UIM carrier") on behalf of Plaintiff ALI SAREH.

4. The identities of the Defendants DOES I-X and Defendants ROE CORPORATIONS I-X, are unknown at this time and may be individuals, corporations, associations, partnerships, subsidiaries, holding companies, owners, predecessor or successor entities, joint ventures, parent corporations or other related business entities of the Defendants, inclusive, who were acting on behalf of or in concert with, or at the direction of, the Defendants and may be responsible for injurious activities of the other Defendants. Plaintiff alleges that each named Doe Defendants and Roe Corporations' Defendants, negligently, willfully, intentionally, recklessly, vicariously, or otherwise, caused, directed, allowed or set in motion the injurious events set forth herein. Each named and Doe Defendants and Roe Corporations' Defendants, are legally responsible for the events and happenings stated in this Complaint, and thus proximately caused injury and damages to Plaintiff. Plaintiff requests leave of the Court to amend this Complaint to name the Defendants specifically when their identities become known.

5. All the facts and circumstances giving rise to the subject lawsuit occurred in the County of Clark, Las Vegas, Nevada on August 24, 2015 at the intersection of S. Rainbow Boulevard and White Sands Avenue.

## ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

6. Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 5 of the Complaint as if fully set forth herein.

7. On or about August 24, 2015, Plaintiff suffered a loss when he was involved in a motor vehicle accident.

///

///

2

8. On August 24, 2015, Plaintiff was at a complete stop at red light at the intersection of S. Rainbow Boulevard and White Sands Avenue, when suddenly and without warning, his vehicle was struck from behind by a vehicle driven by CASSANDRA PAQUETTE. As a result of the collision, Plaintiff suffered serious physical, emotional, and financial injury.

9. CASSANDRA PAQUETTE owed Plaintiff a duty to drive in a reasonably safe manner. Because she failed to drive in a reasonably safe manner, she breached that duty. As a proximate result of that breach, Plaintiff suffered damages as described in paragraph 8 above.

10. At the time of the subject accident, CASSANDRA PAQUETTE's vehicle was determined to be uninsured.

## FIRST CAUSE OF ACTION
### (BREACH OF CONTRACT – UM/UIM)

11. Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 10 of the Complaint as though fully set forth herein.

12. At the time of the accident, Plaintiff's vehicle was insured with FARMERS, Policy No. 18856-71-11 ("Policy") issued to Plaintiff. The policy included Underinsured/Uninsured (UM/UIM) protection with limits of $30,000.00 per person and $60,000.00 per accident. Plaintiff was an insured person under that policy on August 24, 2015.

13. Plaintiff made a claim with Defendant FARMERS for the UM/UIM policy limits pursuant to Plaintiff's UM/UIM coverage. However, Defendant FARMERS unreasonably rejected Plaintiff's offer.

14. Because Defendant FARMERS has unreasonably, and without a reasonable basis, failed to grant Plaintiff's UM/UIM policy limits demand, Defendant FARMERS has breached its contract with Plaintiff.

15. As a result of Defendant's breach of the contract, Plaintiff is entitled to damages.

16. As a direct and proximate result of Defendant FARMER's breach of contract, Plaintiff has sustained general damages in excess of $15,000.00.

3

## SECOND CAUSE OF ACTION

## (BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING)

17. Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 16 of the Complaint as though fully set forth herein.

18. At the time of the aforementioned accident, Plaintiff's vehicle was insured with FARMERS, Policy No. 18856-71-11 ("Policy") issued to Plaintiff. The policy included Underinsured/Uninsured (UM/UIM) protection with limits of $30,000.00 per person and $60,000.00 per accident. Plaintiff was an insured person under that policy on August 24, 2015. The policy is a valid contract in the State of Nevada.

19. Every contract entered into in the State of Nevada incorporates the covenant of good faith and fair dealing.

20. Defendants owed a duty of good faith to Plaintiff under said Agreement.

21. Defendants breached that duty by performing in a manner that is unfaithful to the purpose of the subject contract.

22. Defendants refused to pay monies owed to Plaintiff due under the UM/UIM protection of Plaintiff's insurance contract with Defendants.

23. Defendants' failure to pay pursuant to the terms of the insurance contract breached the covenant of good faith and fair dealing.

24. Plaintiff's justified expectations were thus denied.

25. As a result of Defendant's breach of the contract, Plaintiff is entitled to damages.

26. As a direct and proximate result of Defendant FARMER's breach of contract, Plaintiff has sustained general damages in excess of $15,000.00.

## THIRD CAUSE OF ACTION

## (BAD FAITH)

27. Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 26 of the Complaint as though fully set forth herein.

28. Because Defendant FARMERS has unreasonably, and without a reasonable basis,

4

breached its contract in failing to grant Plaintiff's UM/UIM policy limits demand, Defendant FARMERS has acted in bad faith. Because of Defendant's bad faith, Plaintiff is entitled to damages.

29. As a result of the breach of the implied covenant of good faith and fair dealing, Plaintiff is entitled to damages for denied benefits.

30. Plaintiff is also entitled to consequential damages, including attorney's fees and emotional distress, incurred as a result of Defendant's bad faith.

31. The conduct of Defendant FARMERS was intentional, malicious, and reckless and in conscious disregard of the consequences to Plaintiff, therefore, Plaintiff is entitled to punitive damages.

32. As a direct and proximate result of this breach of good faith dealing, Plaintiff suffered general damages in an amount in excess of $15,000.00.

## FOURTH CAUSE OF ACTION
### (UNFAIR PRACTICES IN SETTLING CLAIMS)

33. Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 32 of the Complaint as though fully set forth herein.

34. Pursuant to N.R.S. 686A.310(e) an insurer may be liable for unfair practices for failing to effectuate prompt, fair and equitable settlements of claims in which liability of the insurer has become reasonably clear. Because Defendant FARMERS has engaged in unfair practices in regards to the instant claim, Plaintiff is entitled to damages.

35. Defendant FARMERS breached its duties to Plaintiff pursuant to N.R.S. 686A.310(g) by attempting to settle a claim by an insured for less than the amount to which a reasonable person would have believed he was entitled by reference to written or printed advertising material accompanying or made part of an application.

36. Defendant FARMERS breached its duties to Plaintiff pursuant to N.R.S. 686A.310(1) by failing to settle claims promptly, where liability has become reasonably clear, under on portion of the insurance policy coverage in order to influence settlement under other portions of the insurance

5

policy coverage.

37. Defendant FARMERS breached its duties to Plaintiff pursuant to N.R.S. 686A.310(n) by failing to provide promptly to an insured a reasonable explanation of the basis in the insurance policy, with respect to the facts of the insured's claim and the applicable law, for the denial of his claim for an offer to settle or compromise his claim.

38. As a direct and proximate result of this breach, Plaintiff has suffered general damages in an amount in excess of $15,000.00.

**WHEREFORE**, Plaintiff prays for judgment of this Court as follows:

1. General damages in excess of $15,000.00;
2. Special damages in excess of $15,000.00;
3. Punitive damages in excess of $15,000.00;
4. Attorney's fees and costs of suit; and
5. For such other relief as the Court deems just and proper.

DATED this 27th day of July, 2017.

HAWKINS MELENDREZ, P.C.

GEOFFREY W. HAWKINS, ESQ.
Nevada Bar No. 7740
CHRISTOPHER A. ECCLES, ESQ.
Nevada Bar No. 9798
9555 Hillwood Drive, Suite 150
Las Vegas, Nevada 89134
*Attorneys for Plaintiff*

6